### Edward P. Lester v. Wm. E. Toerpe, in his Individual Capacity and as Trustee, and Kittie Toerpe, Successor in Trust.

1. DEPOSITION—*Signature of the Witness When Taken Before the Master.*—Where the deposition is taken before the master and duly certified by him the signature of the witness deposing is not essential.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed March 13, 1900.

CHARLES PICKLER, attorney for appellant.

HENRY S. SHEDD, attorney for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

Following is a full and complete copy of the "Brief" and "Argument" filed in this case:

"II.

BRIEF.

1.   There is a variance between the evidence and the master's report stating the amount due to be $4,339.25, and the decree, which finds due $4,344.91.

2.   The report and decree are based upon a deposition which the record shows never was signed and sworn to according to law. (Abst., p. 40.)

### III.

#### Argument.

The practice before masters in chancery has become too lax. It seems no longer necessary to observe with care the strict requirements of the law. A citizen's property is directed to be sold, yet that direction is based upon a type-written deposition purporting to be the sworn deposition of a competent witness competently executed. In this case the deposition never was completed, never was signed, and the master's report and court's decree are founded upon a nullity.

Respectfully submitted,
CHARLES PICKLER,
Solicitor for Appellant."

It does not appear from the abstract that any exceptions to the master's report were filed in the court below. The transcript of record filed in this court is a *præcipe* record. No such exceptions are mentioned in the *præcipe*. Objection to his report were filed before the master but the points presented in said " Brief " do not appear in said objections. As neither of the alleged errors appear to have been presented to the trial court or exceptions to have been then preserved, they can not be considered by this court.

Neither is there any merit in the objections made in appellant's " Brief." The variance of $5.66 between the master's report and the decree is probably interest accruing between the date of the master's report and the date when the decree which was entered was prepared. Upon the record in this case there is no valid objection to the report of the master upon the theory that depositions are not signed by the witnesses.

We have no doubt but that this appeal is prosecuted simply and only for delay. The request of appellees that statutory damages be adjudged is allowed. (Wallen v. Cummings, p. 61, this volume.) The decree of the Circuit Court is affirmed, and a judgment will be entered against the appellant and in favor of the appellees for the sum of $100 in addition to the costs to be taxed, and the appellees will have execution therefor. Affirmed.